**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**



| | |
|---|---|
| FRANK HARRIS,<br><br>        Petitioner - Appellant,<br><br>    v.<br><br>MARTIN BITER, Warden,<br><br>        Respondent - Appellee. | No. 13-55473<br><br>D.C. No. 2:11-CV-03801-ODW-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted March 3, 2015[**]
Pasadena, California

Before: Murphy,[***] Gould, and Tallman, Circuit Judges.

Petitioner, Frank Harris, appeals the denial of habeas relief from his

California state convictions for first degree murder and first degree attempted

murder. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

1.  Harris raises two claims on appeal.  He asserts the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose that a witness, Jesse Polk, was motivated by a reward offer.  He also asserts the prosecution violated Napue v. Illinois, 360 U.S. 264 (1959), by knowingly presenting Polk's false testimony that he was not motivated by the reward.  These claims were previously presented to the California Court of Appeals which summarily denied relief.  The California Supreme Court denied the petition for review.

2.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief for a claim adjudicated on the merits in state court unless the prior adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Brumfield v. Cain, 135 S. Ct.  2269, 2275 (2015) (quotation omitted).  The summary denial of Harris's claims is a denial on the merits for purposes of 28 U.S.C. § 2254(d).  Harrington v. Richter, 562 U.S. 86, 99–100 (2011) (holding federal courts should apply the AEDPA's deferential standard of review even when the petitioner's claims have been summarily denied by the state courts).

3.  To establish a Brady violation, Harris must show (1) the withheld evidence was favorable to him "either because it is exculpatory, or because it is impeaching," (2) the prosecution suppressed the evidence either willfully or inadvertently, and (3) he was prejudiced by the suppression.  Strickler v. Greene,

527 U.S. 263, 281–82 (1999). The suppression of favorable evidence "violates due process where the evidence is material either to guilt or to punishment." Brady, 373 U.S. at 87. Withheld evidence "is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

4. Even assuming the prosecution either willfully or inadvertently withheld evidence favorable to Harris, the denial of Harris's Brady claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent because Harris has not shown a reasonable probability the evidence would have produced a different verdict. Although Harris could have used the withheld evidence to impeach Polk's credibility, the jury heard abundant evidence from which it could assess the veracity of Polk's assertion that he identified Harris because it was "the right thing to do" and not because he was motivated by the reward. Further, Polk was not an eyewitness to the crime; he identified Harris from a surveillance video. Two police officers, both of whom had spent significantly more time with Harris than Polk, also viewed the surveillance video and identified Harris as the assailant. Thus, Polk's testimony was duplicative of other evidence of Harris's guilt and had no effect on Harris's convictions. Confidence in the outcome of Harris's trial conclusion is not undermined by the failure to disclose the challenged evidence. See Bagley, 473 U.S. at 683.

-3-

Accordingly, the state court's denial of post-conviction relief on the <u>Brady</u> claim was not an unreasonable application of Supreme Court precedent.

5. To prevail on his <u>Napue</u> claim, Harris was required to show (1) Polk's testimony was actually false (2) the prosecution knew or should have known the testimony was actually false, and (3) the false testimony was material. <u>Haynes v. Brown</u>, 399 F.3d 972, 984 (9th Cir. 2005) (en banc). A conviction will be set aside based on a <u>Napue</u> violation if there is "*any* reasonable likelihood that the false testimony *could* have affected the judgment of the jury." <u>Id</u>. at 985.

6. Applying the AEDPA's deferential standard of review, the state court's resolution of Harris's <u>Napue</u> claim was not unreasonable. For the reasons discussed relative to Harris's <u>Brady</u> claim, Polk's testimony was duplicative and he was not a "make-or-break witness." <u>Maxwell v. Roe</u>, 628 F.3d 486, 507–08 (9th Cir. 2010). We are confident the jury would have convicted Harris without Polk's allegedly false testimony, i.e., that he was not motivated by the reward when he identified Harris. Thus, there is no reasonable likelihood Polk's testimony affected the judgment of the jury.

7. Because there was a reasonable basis for the state court to deny relief on Harris's <u>Brady</u> and <u>Napue</u> claims, we affirm the denial of Harris's § 2254 habeas corpus petition.

**AFFIRMED**.